```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

GREAT LAKES REINSURANCE (UK)
PLC,

       Plaintiff,          Case No.: 8:12-cv-2923-T-33TGW

v.

KAN-DO, INC.,

       Defendant.
_____/

KAN-DO, INC.,

       Counter-Plaintiff,

v.

GREAT LAKES REINSURANCE (UK)
PLC,

       Counter-Defendant.
_____/

## **ORDER**

This matter comes before the Court pursuant to Great Lakes Reinsurance (UK) PLC's Motion to Strike Kan-Do, Inc.'s Demand for Jury Trial (Doc. # 6), filed on April 11, 2013. Kan-Do filed a Response in Opposition to the Motion to Strike (Doc. # 7) on April 25, 2013, and Great Lakes filed a Reply Memorandum (Doc. # 8) on April 29, 2013. For the reasons that follow, the Court grants the Motion to Strike Jury Demand.

**I.  Background**

On December 21, 2011, Great Lakes issued to Kan-Do a marine insurance policy affording coverage in the amount of

$78,622.00 for a 1989 51 foot Bluewater motor yacht, which was owned by Kan-Do. (Doc. # 1 at ¶ 9). On November 5, 2012, while the policy was in full force and effect, the Bluewater vessel sank at a marina in Tarpon Springs, Florida. (Id. at ¶ 11).

Great Lakes investigated the incident and determined that the damage to the insured vessel "was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage." (Id. at ¶ 12). In addition, Great Lakes determined that, at the time of the incident, "the vessel owned by the Defendant was in unseaworthy condition" and "the damages sustained by the insured vessel were caused by wear and tear, gradual deterioration, corrosion, etc." (Id. at ¶¶ 13-14).

Kan-Do made a claim against the insurance policy. (Id. at ¶ 15). On December 27, 2012, Great Lakes filed a Complaint against Kan-Do for declaratory judgment regarding coverage under the insurance policy. Key to the present dispute, Great Lakes invoked the admiralty jurisdiction of this Court as provided in Rule 9(h) of the Federal Rules of Civil Procedure. (Doc. # 1 at ¶ 3).

Kan-Do filed its answer, affirmative defenses, and "Counter Claim against Great Lakes Reinsurance (UK) PLC for

-2-

Damages, Costs, and Attorney's Fees" on April 8, 2013. (Doc. # 4). In the counterclaim, Kan-Do purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332 and demands a jury trial. (Id.).

At this juncture, Great Lakes moves to strike Kan-Do's demand for a jury trial.

## II. Discussion

The Supreme Court decreed in Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990), "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." However, it is beyond dispute that "if there are two grounds for jurisdiction in the same case--such as admiralty and diversity jurisdiction--Rule 9(h) provides that the plaintiff may elect to proceed in admiralty." St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1184 (11th Cir. 2009).

The facts of the Lago Canyon case are strikingly similar to the facts presented here. In Lago Canyon, a vessel sank in a marina and the insured vessel owner sought coverage from the insurer, St. Paul Fire & Marine Insurance Company. Id. at

1183. The insurer "issued a Reservation of Rights advising Lago that its loss might not be covered" and then filed an action for declaratory judgment invoking the court's admiralty jurisdiction. Id. at 1184.

The insured filed a breach of contract counterclaim predicted upon the court's diversity jurisdiction and demanded a jury trial. Id. at 1184-85. The district court struck the jury demand and the Eleventh Circuit affirmed as follows:

> In this admiralty-Rule 9(h) case, the district court was, as we are, bound by Harrison and thus did not err in striking Lago Canyon's demand for a jury trial. St. Paul's declaratory judgment complaint as to its Marine Policy claimed the special benefits of admiralty procedures, including a non-jury trial, by setting forth why admiralty jurisdiction existed and by designating this action under Rule 9(h) as one brought within that admiralty jurisdiction rather than "some other ground" of jurisdiction, such as diversity. . . . [T]his accords with the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim.

Id. at 1187.[1]

The Court reaches the same result here and strikes Kan-Do's jury demand. In addition to being in accord with the

---

[1] The Eleventh Circuit's reference to the Harrison case is to Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968 (5th Cir. 1978).

binding precedent of Harrison and Lago Canyon, the Court's decision to strike the jury demand is consistent with numerous district court decisions, which the Court finds to be persuasive. See Great Lakes Reinsurance (UK) PLC v. Masters, No. 8:07-cv-1662, 2008 A.M.C. 1045 (M.D. Fla. March 3, 2008); ("[T]he Court finds that Great Lakes' election to proceed in this declaratory action without a jury pursuant to Rule 9(h) trumps Masters' demand for a jury trial on his counterclaim."); Underwriters v. On the Loose Travel, Inc., No. 99-cv-200, 1999 A.M.C. 1742, 1743 (S.D. Fla. Mar. 23, 1999)("No right to trial by jury exists with respect to claims brought under federal admiralty jurisdiction Rule 9(h) and the Court finds that the trial by jury preclusion extends to counterclaims."); Albany Ins. Co. v. Nguyen, No. 95-3507, 1997 A.M.C. 335, 338 (E.D. La. July 29, 1996)("Plaintiff's complaint, by its express Rule 9(h) admiralty designation has effectively designated the entire case as a non-jury admiralty case. Furthermore, jury demands give way whenever a plaintiff makes a 9(h) designation.")(citations and quotation marks omitted); In re Complaint of Armatur, S.A., 710 F. Supp. 404, 406 (D.P.R. 1989)(The Plaintiff's Rule 9(h) designation reins supreme, and will operate to deny the defendant a right to jury trial he might otherwise have had.").

Kan-Do rightly points out that the Lago Canyon opinion comes with a concurring opinion suggesting that the Eleventh Circuit should adopt the analysis of the Fourth Circuit as set forth in In re Lockheed Martin Corporation, 503 F.3d 351 (4th Cir. 2007), which allowed a jury trial on a breach of contract counterclaim in an admiralty case.  Nevertheless, the Court is bound by the holding of Lago Canyon and under such holding, determines that it is appropriate to strike Kan-Do's demand for a jury trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Great Lakes Reinsurance (UK) PLC's Motion to Strike Kan-Do, Inc.'s Demand for Jury Trial (Doc. # 6) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record

-6-