UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK) PLC,

       Plaintiff,

                      CASE NO. 12-CV-2923-VMC-TGW

vs.

KAN-DO, INC.,

       Defendant.

_____/

<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, files this its Motion for Summary Judgment, and as grounds therefore would respectfully state as follows.

1.   The Plaintiff's policy of marine insurance contains a clear and unambiguous provision which states that coverage will be afforded only for an "accidental physical loss." Plaintiff seeks this Court's award of an Order granting summary judgment based on material facts not in dispute clearly establishing that the loss or damage to the insured vessel owned by the Defendant herein was not the result of such an "accidental physical loss" as

1

required under the clear and unambiguous terms of Plaintiff's policy of marine insurance.

2.    The Plaintiff's policy of marine insurance contains a clear and unambiguous provision which states that it is warranted that the insured vessel shall me maintained in seaworthy condition "at all times." Plaintiff seeks this Court's award of an Order granting summary judgment based on material facts not in dispute clearly establishing that the loss or damage to the insured vessel owned by the Defendant herein was as a result of failure to maintain the vessel in unseaworthy condition as required under the clear and unambiguous terms of Plaintiff's policy of marine insurance.

3.    The Plaintiff's policy of marine insurance contains a clear and unambiguous provision which states that coverage for any damages to the vessel's engines, mechanical and electrical parts will be afforded only when caused by an "accidental external event." Plaintiff seeks this Court's award of an Order granting summary judgment based on material facts not in dispute clearly establishing that the loss or damage to the insured vessel owned by the Defendant herein was not the result of such an "accidental external event" as required under the clear and unambiguous terms of Plaintiff's policy of marine insurance.

4.    Filed in conjunction with and in support of the instant Motion for Summary Judgment are the following pleadings:

        A).  Plaintiff's Statement of Material Facts Not in Dispute, with attached Exhibits "A" through "E;"

        B).  Plaintiff's Memorandum of Law;

        C).  Deposition of Laura Lyons;

        D).  Deposition of James Carlevatti.

WHEREFORE, Plaintiff prays that the Court will enter its Order awarding Summary Judgment, along with al such other and further relief as the Court may deem proper in the premises.

Dated:    February 28, 2014
           Fort Lauderdale, Florida

                       GOLDMAN & HELLMAN
                       Attorneys for Plaintiff
                       800 S.E. 3rd Avenue
                       4th Floor
                       Fort Lauderdale, FL 33316
                       Tel (954) 356-0460

                       By:  /s/ Steven E. Goldman
                             STEVEN E. GOLDMAN, ESQ.
                             FLA. BAR NO. 345210

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of February, 2014 the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the following counsel of record:

Munch & Munch, P.A.
600 S. Magnolia Avenue
Suite 325
Tampa, FL 33606

GOLDMAN & HELLMAN
Attorneys for Plaintiff
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, FL 33316
Tel (954) 356-0460


By:  /s/ Steven E. Goldman
        STEVEN E. GOLDMAN, ESQ.
        FLA. BAR NO. 345210